UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

MARIE L. BANKS-GERVAIS

       Plaintiff,

- versus –

INTERNAL REVENUE SERVICES;  
RACKEETERS SECURITY BREACH

       Defendants.

ORDER  
12-CV-4300 (JG)(RER)

JOHN GLEESON, United States District Judge:

  Plaintiff Marie Banks commenced this *pro se* action on August 23, 2012, and seeks leave to proceed *in forma pauperis*. For the reasons set forth below, her request to proceed *in forma pauperis* is granted solely for the purpose of this Order, and the complaint is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B).

## BACKGROUND

  Banks's claim appears to arise from a dispute regarding the foreclosure of her home by the Internal Revenue Services. However, the complaint also contains references to matters such as "Fake Work Information," Al Queda staff at Elmhurst Hospital, kidnapping, mass grave and execution.

  It is difficult to understand the nature of Banks's dispute with the IRS. As her "Statement of Claim," she states:

> Defendant computer have me working in a Fern Park in Florida, under and Abstract Painting Title Company for Housing while I was in mental hospital trip for foreclosure. U.S. Gov security breach . . .

Compl. ¶ III. Banks also claims that "[e]very attempt to get another work place to pay the mortgage was face with [k]idnapping on the [j]ob at Coney Island Hospital to Nassau County

Medical Center . . ." and "the group is inside the IRS . . . Bribed to enter FakeWork Data for lien." *Id.* at 2.

## DISCUSSION

A.  *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court explained that

> the *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Id.* at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id.* at 476 (internal quotation marks and citation omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

B.  *Analysis*

Despite a thorough reading of her submission, I am uncertain what, if anything, Banks has alleged with which the court may assist her. Banks's allegations are incomprehensible and fail to provide notice of the claim she seeks to raise. Further, the allegations that are comprehensible are frivolous. In particular, Banks's allegations regarding "Al Queda [s]taff at Elmhurst Hospital," kidnapping, massacre and mass graves appear irrational. *See Denton*, 504 U.S. at 33.

## CONCLUSION

For the reasons above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would

not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).[1]

So ordered.

John Gleeson, U.S.D.J.

Dated: November 13, 2012
      Brooklyn, New York

---

[1] *Pro se* complaints like the current one are frequently dismissed with leave to amend, which provides the *pro se* plaintiff an opportunity to frame a coherent complaint that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure. However, Ms. Banks's lengthy litigation history in this Court, which includes numerous dismissals with leave to amend, has proved the futility of granting such leave here.